O

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### LAREDO DIVISION

| | | |
|---|---|---|
| JESUS BARRON and JUAN GONZALEZ, § | | |
| Individually and as Next Friend of § | | |
| JUAN ANGEL GONZALEZ, a Minor, § | | |
|     Plaintiffs, § | | |
| § | | |
| vs. § | Civil Action No. L-05-144 | |
| § | | |
| PATRICIA BERNAL, KEYSTONE LINES, § | | |
| CORP., BRADLEY DEAN PRUITT, and § | | |
| BCB, INC., § | | |
|     Defendants. § | | |

## **O R D E R**

Pending before this court is Defendants, BCB, Inc. and Bradley Dean Pruitt's Motion for Leave to Designate Responsible Third Party [Docket No. 63]; Plaintiffs' Memorandum in Opposition to Defendant's Motion for Leave to Designate Responsible Third Party [Docket No. 70]; and Defendants, BCB, Inc. and Bradley Dean Pruitt's Reply to Plaintiff's Response and Objections to Defendants' Motion for Leave to Designate Responsible Third Parties [Docket No. 72].

**I.      Background**

BCB, Inc. and Bradley Dean Pruitt ("Defendants") filed a motion for leave to designate an unknown person as a responsible third party pursuant to Chapter 33 of the Texas Civil Practice and Remedies Code. Defendants allege that they may designate an unknown party as "John Doe" under Texas Civil Practice and Remedies Code Section 33.004(k). Plaintiffs assert that this Court should deny Defendants' Motion for Leave to Designate Responsible Third Parties on the basis that Defendants are unable to identify the person they seek to designate as a responsible third party and unable to obtain a summons in compliance with Federal Rule of Civil Procedure 4(a).

**II.     Analysis[1]**

The Texas Civil Practice and Remedies Code states that "[a]n unknown person designated as a responsible third party under *Subsection (j)* is denominated as 'Jane Doe' or 'John Doe' until the person's identity is known." Tex. Civ. Prac. & Rem. Code Ann. § 33.004(k)(emphasis added). However, to designate an unknown person as a responsible third party, a Defendant is required to file an answer containing allegations that "an unknown person committed a criminal act that was a cause of the loss or injury that is the subject of the lawsuit" no later than sixty days from the filing of its original answer. *Id.* § 33.004(j).

Here, the record establishes that Defendants did not file an answer containing allegations against an unknown third party until well after sixty days of filing their original answer. Defendants filed their Original Answer on September 7, 2004, and nowhere alleged that an unknown third party committed an act that caused the pending suit. On June 15, 2005, Defendants filed their first amended answer, and also failed to allege that an unknown third party committed an act that was a cause of the pending suit. On February 16, 2006, more than sixty days after filing their original answer, Defendants filed their Second Amended Answer alleging that the accident in question was proximately caused by the acts and or omissions of third parties. Because Defendants did not timely file an answer containing the required allegations against the unknown third party, Defendants may not designate the unknown person as a third party defendant under Section 33.004 of the Texas Civil Practice and Remedies Code.

---

[1] "Federal Courts apply state substantive law when adjudicating diversity jurisdiction claims, but in doing so apply federal procedural law to the proceedings." *Exxon Corp. v. Burglin*, 42 F.3d 948, 950 (5th Cir. 1995)(internal quotations omitted). Although Defendants have not shown how this claim is substantive in nature, in an abundance of caution, this Court will look at the sections of the Texas Civil Practice and Remedies Code asserted by Defendants. *See Kelley v. Wal-Mart Stores, Inc.*, 224 F. Supp. 1082, 1083-1084 (E.D. Tex. 2002).

The Federal Rules of Civil Procedure "govern the procedure in the United States district courts in all suits of a civil nature . . . ." Fed. R. Civ. P. 1. Federal Rule of Civil Procedure 14(a) describes when a defendant may join a responsible third party to an on-going civil action. *See* Fed. R. Civ. P. 14(a). Defendants have known about John Doe since January 6, 2004, the date the accident made the subject of this suit took place; Defendants have failed to explain their undue delay in filing their motion for leave to designate a responsible third party. In addition, allowing Defendants to implead an unknown third party would be prejudicial against Plaintiffs. Therefore, Defendants BCB, Inc. and Bradley Dean Pruitt's Motion for Leave to Designate Responsible Third Party is hereby DENIED.

IT IS SO ORDERED.

DONE at Laredo, Texas, this 7th day of August, 2006.

_____
Adriana Arce-Flores
United States Magistrate Judge

**TO INSURE PROPER NOTICE, EACH PARTY WHO RECEIVES THIS NOTICE SHALL FORWARD A COPY OF IT TO EVERY OTHER PARTY AND AFFECTED NON-PARTY EVEN THOUGH THEY MAY HAVE BEEN SENT ONE BY THE COURT.**